UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LAMONT MOORE,

    Plaintiff,

v.

THOMAS HAMEL, et al.,

    Defendants.
_____/

Case No. 2:16-cv-55

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment pursuant to FED. R. CIV. P. 56(a). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, ECF No. 60), recommending that the motion be granted. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Pl. Obj., ECF No. 61). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    Plaintiff expressly states six objections to the Magistrate Judge's Report and Recommendation, which the Court will address in turn.

    *Plaintiff's First Objection.* Plaintiff's first objection concerns the Magistrate Judge's analysis of his retaliation claim against Defendant Hamel for removing legal documents from his mail. The Magistrate Judge found that Plaintiff satisfied the first element of his claim—protected

conduct—because Plaintiff was engaged in the filing of a civil lawsuit (R&R, ECF No. 60 at PageID.555). Regarding the second element of his claim—adverse action, Plaintiff alleged that Defendant Hamel took an adverse action against him by intentionally removing a "declaration" from Plaintiff's legal mail in an unrelated case (Pl. Compl. ¶ 111, ECF No. 1 at PageID.19). The Magistrate Judge determined that Plaintiff's assertion of an adverse action was not supported by the record, which indicated that the Court received the documents listed on the authorization form signed by Plaintiff, including a "declaration" (R&R, ECF No. 60 at PageID.556). Plaintiff objects to the Magistrate Judge's determination, arguing that the declaration that Hamel removed was not merely the exhibit verification that "declares under the penalty of perjury," but a "declaration …to add more arguments and facts to the matter" (Pl. Obj., ECF No. 61 at PageID.567). Indeed, Plaintiff opines that the Magistrate Judge improperly "took it upon himself to determine the facts" (*id.*).

Plaintiff's objection lacks merit. As set forth in the Report and Recommendation, the Magistrate Judge's task in reviewing Defendants' motion was to specifically determine whether the record contained sufficient evidence on which a jury could reasonably find for Plaintiff on his retaliation claim against Defendant Hamel (R&R, ECF No. 60 at PageID.554). Not only does Plaintiff's objection fail to demonstrate any factual error by the Magistrate Judge, but his objection also fails to demonstrate that the Magistrate Judge committed any legal error. Plaintiff's objection is properly denied.

*Plaintiff's Second Objection*. Plaintiff's second objection also concerns the Magistrate Judge's retaliation analysis. Plaintiff objects to the Magistrate Judge's determination that Plaintiff had not established the third element of his claim—a causal connection. Plaintiff alleged that a causal connection existed between his protected conduct and the purported adverse action based

on a November 2, 2015 conversation he had with Defendant Hamel about his legal mail (Pl. Compl. ¶ 122, ECF No. 1 at PageID.21); however, after Defendant Hamel produced evidence that he did not work on November 2, 2015, Plaintiff contended that he had relied on the wrong date. The Magistrate Judge declined to adopt a set of facts that is "blatantly contradicted by the record" and determined that no reasonable juror could find a causal connection on the basis of the conversation (R&R, ECF No. 60 at PageID.557). Plaintiff opines that the Magistrate Judge "ignored my evidence" and "misquoted what my evidence had stated" (Pl. Obj., ECF No. 61 at PageID.569).

Plaintiff's objection lacks merit. As delineated in the Report and Recommendation, the record contains several instances where Plaintiff declared under penalty of perjury that his purported conversation with Hamel occurred on November 2, 2015 (R&R, ECF No. 60 at PageID.557). That Plaintiff now believes he was mistaken about the date and disputes the Magistrate Judge's characterization of one of Plaintiff's reiterations of the incident, does not serve to demonstrate any error in the Magistrate Judge's causal-connection determination, let alone the Magistrate Judge's ultimate conclusion that the record supports neither the second nor third elements of Plaintiff's retaliation claim against Defendant Hamel. Plaintiff's objection is properly denied.

*Plaintiff's Third Objection.* Plaintiff's third objection concerns the Magistrate Judge's analysis of his interference-with-access-to-courts claim against Defendants Perttu and Loop for refusing to send out his legal mail, which consisted of motion papers seeking injunctive relief. The Magistrate Judge determined that because Plaintiff's legal mail was not being filed in any pending case nor to initiate a case, Plaintiff had not identified an actual injury that resulted from Defendants' alleged refusal (R&R, ECF No. 60 at PageID.558). In his objection, Plaintiff asserts

that in reaching this determination, the Magistrate Judge "failed to acknowledge" that "none of the people" in the cases upon which the Magistrate Judge relied "had filed a civil rights actions to any of their claims that were stated in their preliminary injunction" (Pl. Obj., ECF No. 61 at PageID.570).

Plaintiff's objection lacks merit. The Magistrate Judge accurately cited three cases that stand for the proposition that absent a properly filed complaint, a court lacks power to issue injunctive relief (R&R, ECF No. 60 at PageID.559, citing *Powell v. Rios*, 241 F. App'x 500, 505 (10th Cir. 2007); *Gardner v. McQueen*, No. 2:16-cv-13790, 2017 WL 131553, at *2 (E.D. Mich. Jan. 13, 2017); *Albright v. ISIS*, No. 15-cv-10671, 2015 WL 12699371, at *1 (E.D. Mich. Mar. 25, 2015)). In the other two cases upon which the Magistrate Judge relied, the party seeking injunctive relief had either initiated a case or filed motion papers in a pending case (*id.*, citing *Univ. of Texas v. Camenisch*, 451 U.S. 390, 391 (1981) (the plaintiff requested injunctive relief as part of the relief requested in his complaint); *Colvin v. Caruso*, 605 F.3d 282, 288 (6th Cir. 2010) (the plaintiff requested injunctive relief as part of the relief requested in his complaint and subsequently filed a motion for a preliminary injunction in his pending case)). Therefore, the objection is properly denied.

*Plaintiff's Fourth Objection.* Next, with regard to his retaliation and Eighth Amendment claims against Defendant Perttu, Plaintiff asserts that the Magistrate Judge again "ignored my facts and evidence [regarding cell shakedowns] and had believed the Defendants [sic] facts and evidence" (Pl. Obj., ECF No. 61 at PageID.672). Plaintiff's objection lacks merit. The Magistrate Judge did not "ignore" Plaintiff's evidence but specifically determined that the evidence was insufficient to prove an adverse action where "Plaintiff offered no evidence to establish when the shakedowns occurred, how many times they occurred, or how they differed in any way from

routine shakedowns in the prison facility" (R&R, ECF No. 60 at PageID.562-563). This objection is properly denied.

*Plaintiff's Fifth Objection.* Next, Plaintiff objects to the Magistrate Judge's recommendation that his claim against Defendant Olson for supervisory liability should be dismissed. Plaintiff argues that the Magistrate Judge's determination "makes no sense whatsoever" (Pl Obj., ECF No. 61 at PageID.672). However, the Magistrate Judge properly concluded that "Defendant Olsen could not have 'implicitly authorized, approved or knowingly acquiesced' in the unconstitutional conduct because, as discussed above, there were no constitutional violations" (R&R, ECF No. 60 at PageID.563). This objection is properly denied as well.

*Plaintiff's Sixth Objection.* Last, Plaintiff "objects to the Magistrate Judge's recommendation that the Defendant be entitled to qualified immunity" and opines that "it is clear that the Defendants had violated clearly established rights" (Pl. Obj., ECF No. 61 at PageID.573). However, where the Magistrate Judge agreed with Defendants that the record supported no underlying constitutional violations, the Magistrate Judge therefore also properly determined that qualified immunity was warranted (R&R, ECF No. 60 at Page ID.564). Plaintiff's sixth objection is denied.

Having determined that Plaintiff's objections lack merit, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, including the Magistrate Judge's recommendation to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims (R&R, ECF No. 60 at Page ID.554-555, 564). Because this Opinion and Order resolves all pending claims in this matter, a corresponding Judgment will also enter. *See* FED. R. CIV. P. 58. Last, because this action was filed in forma pauperis, this Court certifies pursuant to 28 U.S.C.

5

§ 1915(a)(3) that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 61) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 60) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 31) is GRANTED.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 1367(c)(3), that this Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, and the state-law claims are DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  February 21, 2018

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge